UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALACHI ANTHONY RILEY,<br><br>          Plaintiff,<br><br>     v.<br><br>SACRAMENTO POLICE DEPARTMENT, et al.,<br><br>          Defendants. | No.  2:14-cv-00462-KJM-AC<br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff is proceeding in this action in pro per.  On August 5, 2015, defendants filed a motion for summary judgment noticed for hearing on September 16, 2015.  ECF No. 55.  On September 11, 2015, the court continued the hearing in light of plaintiff's failure to file a timely opposition or notice of non-opposition.  ECF No. 58.  The court warned plaintiff at that time that a second failure to file a timely opposition or notice of non-opposition would lead to the dismissal of this action for failure to prosecute.  Id.  On October 13, 2015, when plaintiff failed to file an opposition or notice of non-opposition a second time, the court issued an order to show cause why this case should not be dismissed for failure to prosecute.  ECF No. 59.  Plaintiff has yet to respond to the court's order.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, failure to

1

comply with the court's local rules, or failure to comply with the court's orders.  See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Pagtalunan v. Galaza, 291 F.3d 639, 642–43 (9th Cir. 2002) (affirming district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first amended petition).  This court's Local Rules are in accord. See E.D. Local Rule 110 ("Failure of counsel or a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260–61; accord Pagtalunan, 291 F.3d at 642–43; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995), cert. denied, 516 U.S. 838 (1995).  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Although involuntary dismissal can be a harsh remedy, on balance the five relevant

factors weigh in favor of dismissal of this action.  The first two factors strongly support dismissal of this action.  Plaintiff's failure to file an opposition and respond to this court's order strongly suggests that he has abandoned this action or is not interested in seriously prosecuting it.  See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal.").  Any further time spent by the court on this case, which plaintiff has demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources and take away from other active cases.  See Ferdik, 963 F.2d at 1261 (recognizing that district courts have inherent power to manage their dockets without being subject to noncompliant litigants).

In addition, the third factor, which considers prejudice to a defendant, should be given some weight.  See Ferdik, 963 F.2d at 1262.  Defendants have been active in this lawsuit since February 2014.  See ECF Nos. 8–13.  Plaintiff's failure to timely oppose defendants' motion for summary judgment at this stage prejudices defendants by unreasonably delaying the resolution of this matter, while needlessly increasing its cost.  Unreasonable delay is presumed to be prejudicial.  See, e.g., In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d at 1227.

The fifth factor, which considers the availability of less drastic measures, also supports dismissal of this action.  The court has already pursued remedies that are less drastic than a recommendation of dismissal, including providing plaintiff with the opportunity to remedy his failure to file an opposition.  See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal."), cert. denied, 488 U.S. 819 (1988).  Having failed to receive a response from plaintiff, the court finds no suitable alternative to a recommendation for dismissal of this action.

The court also recognizes the importance of giving due weight to the fourth factor, which addresses the public policy favoring disposition of cases on the merits.  However, for the reasons set forth above, factors one, two, three, and five strongly support a recommendation of dismissal of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal."

Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted).  Under the circumstances of this case, the other relevant factors outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) and 4(m) and Local Rules 110 and 183(a).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 13, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4